UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
TOPEKA DIVISON

| | | |
|---|---|---|
| RODNEY L. NELSON, JR, & <br> CARRIE A. NELSON <br><br> Plaintiff, <br><br> v. <br><br><br> LAW OFFICES OF H. KENT HOLLINS & <br> COLLECTION BUREAU OF KANSAS, INC <br><br> Defendants, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.:_____ <br><br><br><br><br><br><br><br> COMPLAINT AND <br> DEMAND FOR JURY TRIAL |

Plaintiffs, RODNEY L. NELSON, JR & CARRIE A. NELSON, on behalf of themselves (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby alleges against Defendants, LAW OFFICES OF H. KENT HOLLINS & COLLECTION BUREAU OF KANSAS, INC (hereinafter "Defendants"), as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2. This action arises out of Defendants repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred in Shawnee County, Kansas; Plaintiffs reside in Shawnee County, Kansas; and Defendants transact business within the State of Kansas.

## PARTIES

4. Plaintiffs, Rodney L. Nelson, Jr, & Carrie A. Nelson, are husband and wife, who are natural persons residing in the city of Topeka, County of Shawnee, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendants are a collection agency and law firm operating from the same address of 3615 SW 29th Street, Topeka, Kansas, and are a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. On or around 2012, Plaintiffs incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

8. On or about, October 31, 2012, Defendants contacted Plaintiff's mother in an attempt to collect an alleged debt. Defendants left a message regarding the alleged debt.

9. On the same day, Plaintiffs contacted Defendants advising that a cease and desist letter was sent to them. The letter advised that any collection attempts should be sent by mail and no phone calls were to be made.

10. On or about, November 6, 2013, Defendants again contacted Plaintiff's mother by leaving a message regarding the alleged debt.

11. On or about, November 16, 2012, Defendants contacted Plaintiffs' friend regarding an alleged debt.

12. On or about, November 28, 2012, Plaintiffs faxed another cease and desist letter.

13. On or about, November 30, 2012, Defendants again contacted Plaintiff's mother in an attempt to collect an alleged debt.

14. On or around, December 6, 2012, Defendants sent a thirty (30) day validation notice.

15. This validation notice was received well after the FDCPA requirement it be sent within five (5) days after the initial communication.

16. On or around, December 27, 2012, Defendants again contacted Plaintiffs' friend regarding an alleged debt.

17. All of the above-described collection communications made to Plaintiffs by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692b(1), 1692b(2), 1692b(3), 1692c(a)(1), 1692c(c), and 1692g.

18. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiffs home.

## TRIAL BY JURY

19. Plaintiffs respectfully request a trial by jury on all issues so triable in Topeka, Kansas.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

20. Plaintiffs repeat and reallege and incorporate by reference paragraphs 1 through 19.

21. Defendants violated the FDCPA. Defendants violations include, but are not limited to, the following:

   (a) The Defendants violated 15 U.S.C. §1692b(1) by failing to state he is confirming or correcting location information concerning the consumer, and identify his employer which was not expressly requested.

   (b) The Defendants violated 15 U.S.C. §1692b(2) by stating that the Plaintiffs owed a debt.

    (c) The Defendants violated 15 U.S.C. §1692b(3) by communicating with Plaintiffs relatives and co-workers more than once.

    (d) The Defendants violated 15 U.S.C. §1692c(a)(1) by calling Plaintiffs at any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00 a.m. or after 9:00 p.m.

    (e) The Defendants violated 15 U.S.C. §1692c(c) by contacting Plaintiffs after written communication that Plaintiffs refuse to pay debt or that Plaintiffs want collector to cease communication.

    (f) The Defendants violated 15 U.S.C. §1692g by failing to send Plaintiffs a thirty (30) day validation notice within five days of the initial communication.

22. As a result of each of Defendants violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendants as follows:

a) For an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendants and in favor of Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants in favor of Plaintiffs; and

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and in favor of Plaintiffs.

Dated: November 25, 2013                              Respectfully submitted,

                                                      /s/ Camron Hoorfar, J.D. LL.M.
                                                      Attorney for Plaintiff
                                                      202 SW Market Street
                                                      Lee's Summit, MO 64063
                                                      Ph: (816) 524-4949
                                                      Fax: (816) 524-4963
                                                      Choorfar@hoorfarlaw.com